PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1990 Chevrolet Cavalier struck a rock while his daughter, Felicia Ketterman was driving on US Route 220 near Petersburg, Grant County. US Route 220 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 7:50 p.m. on January 3,2006. The speed limit on US Route 220 is fifty-five miles per hour. At the time of the incident, sixteen-year-old Felicia Ketterman was driving north from Moorefield to Petersburg, and she had two passengers in the vehicle. Ms. Ketterman stated that it was dark and raining. She was driving at approximately forty miles per hour near Welton Park, commonly known as Eagle’s Nest Gap, when the vehicle struck a rock that was obstructing the northbound lane of traffic. The rock was approximately two feet long and two and a half feet wide. Ms. Ketterman testified that she could not have avoided striking the rock with the vehicle due to an oncoming tractor trailer that was traveling in the southbound lane. Ms. Ketterman stated that respondent failed to place a fence or barrier at this location to protect motorists from falling rocks. Although Ms. Ketterman stated that she is familiar with US Route 220 and was aware of rock falls in this area, she testified that she had never seen rocks on the roadway at this location.
Claimant further stated that he travels this road on a daily basis and testified that rocks frequently fall along US Route 220. He explained that there is a fence to protect motorists from rock falls approximately 150 yards north from the area where this incident occurred.
Claimant testified that he purchased the vehicle involved in this incident three days prior to the accident for $5,148.00. Claimant purchased a vehicle from a junk yard for $1,800.00 and used the parts to repair the vehicle involved in this incident. Claimant testified that the cost of labor was $1,000.00. He also purchased a windshield and had the vehicle re-aligned, amounting to $300.00. Claimant’s costs to repair the vehicle totaled $3,100.00.
The position of the respondent is that it did not have actual or constructive notice of the rock that was obstructing the northbound lane near Welton Park on US Route 220. Asa Kisamore Jr. testified that he has been the Highway Administrator 2 for respondent in Grant County for four years. Mr. Kisamore stated that he is responsible for the maintenance of approximately 380 miles of road and has twenty-eight employees that assist him in the maintenance of the roads in the county. Mr. Kisamore testified that he is familiar with US Route 220 and stated that it is a high priority road in terms of its maintenance. In 2003, respondent installed “Falling Rock” signs in the general area where this incident occurred. During a road widening project, respondent placed a retaining wall and guardrails approximately 150 to 200 feet from the scene of the accident. Mr. Kisamore stated that approximately once a *72 month or once every six weeks, rocks fall onto the roadway at this location. He stated that wild goats cause and exacerbate the rock falls in this area. Mr. Kisamore testified that he has requested that a fence be placed in the area where claimant’s incident occurred but is uncertain what action will be taken by respondent. He considers the need to place a fence in this particular area a priority as compared to other potential rock fall areas in the county.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dep’t. of Highways, 16 Ct. Cl. 68 (1986).
In the instant case, the Court is of the opinion that respondent had constructive notice of rocks likely to fall at this location on US Route 220. The Court finds that although respondent placed “Falling Rock” signs on US Route 220, respondent failed to take further measures to protect the traveling public at this location. Although a fence is located 150 to 200 feet away from the area involved in this claim, there are no barriers located along the rock strata where claimant’s incident occurred. According to Mr. Kisamore’s testimony, rocks fall onto the roadway in this area approximately once a month or every six weeks. Mr. Kisamore also opined that he considers placing a barrier at this location a priority. The Court concludes that since respondent failed to take additional measures to protect the traveling public at this location, respondent is liable for the damages to claimant’s vehicle.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $3,100.00.
Award of $3,100.00.